# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:17-CR-240** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **JAMES PEARL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

On December 15, 2017, Defendants Doreen and James Pearl (the "Pearl Defendants") filed six motions with the Court. On January 18, 2018, the Court denied four of those motions. This case is now before the Court on the remaining two motions: (1) Joint Motion to Suppress Search Warrant and Request for Franks Hearing, Doc #: 39; and (2) Joint Motion to Dismiss Indictment Counts 2-8 and 27-33 as Barred by the Statute of Limitations, Doc #: 41. The Government filed its Responses on January 5, 2018. *See* Doc #: 48 and 50. The Pearl Defendants filed their Replies on January 12, 2018. *See* Doc #: 57 and 59. On January 16, 2018, the Court directed the Government to file Sur-Replies. *See* Jan. 16, 2018 Order [Non-Document]. The Pearl Defendants filed a Motion to Supplement the Pearl Defendants' Joint

Motion for Franks Hearing and Joint Reply for Brief in Support on January 21, 2018. *See* Doc #: 66. During a motion hearing with the Court on January 22, 2018, the Court granted the Motion to Supplement. *See* Doc #: 67. The Government filed its Sur-Replies on January 29, 2018. *See* Doc #: 68 and 69. For the reasons stated below, the Court **DENIES** the Pearl Defendants' Joint Motion to Suppress Search Warrant and Request for Franks Hearing and **GRANTS** their Joint Motion to Dismiss Indictment Counts 2-8 and 27-33.

I. **Motion to Suppress Search Warrant and Request for Franks Hearing**

The Pearl Defendants filed a motion to suppress the search warrants used to: (1) access the Pearl Defendants' and Pro-Trac Tires, LLC's ("Pro-Trac") email accounts; and (2) search the Pro-Trac offices. Mot. 1; Mot. to Supp. 2. James Pearl was the President of Pro-Trac and Doreen Pearl was an employee there during the time that the alleged conduct occurred. Indictment ¶ 14. The Pearl Defendants request a Franks hearing to demonstrate that the search warrant affidavits contained material misrepresentations and omissions. Mot 1. In order to obtain a Franks hearing, the Pearls must show two things. First, the Pearls must make a substantial showing that the affiant knowingly, intentionally, or with reckless disregard for the truth, included a false statement in his warrant affidavit. *United States v. Poulsen*, 655 F.3d 492, 504 (6th Cir. 2011). Second, the Pearls must show that the false statement was necessary to the finding of probable cause. *Id.*

The Pearls allege that the affiant, Special Agent Shaw, made one materially false statement and four material omissions. Reply 6-10. First, the Pearls argue that the only basis for SA Shaw's allegedly false statement is an email provided in discovery. *Id.* at 6. They assert that this email reveals that the statement is false. *Id.* But as the Government points out, Shaw does

not say in his Affidavit that an email was used as the basis of his statement. Sur-Reply 6. A Source of Information ("SOI") verbally gave SA Shaw the information contained in this statement. *Id.* So, the Pearls have not made a substantial showing that the statement was false.

Next, the Pearls allege that SA Shaw made four material omissions. Reply 8. The Government responds that each of these alleged omissions were not included in the 61-page Affidavit because they were of no consequence. Sur-Reply 5. The Pearls also offer no evidence that shows these omissions were made with intent to mislead, as is required. They do not provide affidavits, witness statements, or any other evidence gained during discovery that shows that SA Shaw knew his search warrant affidavit contained false statements or omissions. *See United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013). The Court cannot grant a Franks hearing without such evidence. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Further, the Government argues that if these omissions had been included in the Affidavit, the magistrate would have still found probable cause existed. *Id.* The Court agrees. Even without the alleged omissions, the 61-page Affidavit more than establishes probable cause.

Accordingly, the Court must deny the Pearls' motion.

**II.    Joint Motion to Dismiss Indictment Counts 2-8 and 27-33 as Barred by the Statute of Limitations**

The Pearl Defendants argue that fourteen counts of the Indictment are barred by the statute of limitations. Mot. 3. The Indictment charges the Pearls with violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States of America), 18 U.S.C. §§ 542 and 2 (Entry of Goods by Means of False Statements), and 18 U.S.C. §§ 545 and 2 (Smuggling Goods into the United States). Doc #: 6. The Counts at issue allege violations of 18 U.S.C. §§ 542 and 545.

Title 18 U.S.C. § 3282's five-year statute of limitation applies to all Counts of the Indictment because they allege violations of non-capital offenses. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted . . .for any offense, not capital, unless the indictment is found . . . within five years . . . after such offense shall have been committed."). The Government does not dispute this. Rather, the Government argues that these Counts "were part of a scheme to defraud the United States" and that "[t]he duration of the scheme to defraud is a fact question for the jury." Opp. 3; *see also* Sur-Reply 3-4. But while the "duration of the scheme" is a jury question for the Count 1 conspiracy claim (*see* Opinion and Order, Doc #: 65), the statute of limitations for violations of 18 U.S.C. §§ 542 and 545 is calculated from the date that the offense was committed. *See* 18 U.S.C. § 3282. The Indictment was filed on June 21, 2017 so any Counts under §§ 542 and 545 alleging offenses committed before June 21, 2012 are barred by the statute of limitations.

The offenses in both statutes are committed at the time the goods enter into the United States. Each time goods enter the United States by means of false statements or are smuggled into the United States, a separate violation occurs. Accordingly, each violation of these statutes is listed as a separate Count in the Indictment. Counts 2-8 and 27-33 each allege an entry of goods by either false statements or smuggling. *See* Indictment ¶ 83, 87. The Indictment specifically states that the date of entry for each of these counts range from June 14, 2012 to June 20, 2012. As such, these offenses occurred more than five years prior to the Indictment, and are therefore time-barred. The 36 Counts that allege offenses committed within the limitations period remain. Further, the acts detailed in Counts 2-8 and 27-33 may still be considered as part of the conspiracy if the jury finds a continuing course of conduct and at least one overt act of the

conspiracy occurred within five years of the filing of the Indictment.  *See United States v. Mennuti*, 679 F.2d 1032, 1032 (2d Cir. 1982); *see also* Order and Opinion, Doc #: 65.

Accordingly, the Pearl Defendants' motion is granted and these Counts are dismissed.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** the Pearl Defendants' Joint Motion to Suppress Search Warrant and Request for Franks Hearing and **GRANTS** the Pearl Defendants' Joint Motion to Dismiss Indictment Counts 2-8 and 27-33.  Counts 2-8 and 27-33 of the Indictment are hereby **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster Feb. 2, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**